# CHAPTER 13 PLAN

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

IN RE:  Case No. _____

**Robert W. Dotson, Jr.**  Chapter 13

**Melisa Y. Dotson**

SSN: **xxx-xx-4672**  SSN: **xxx-xx-4993**

Date: **December 3, 2014**

**MOTIONS INCLUDED BELOW:** ☐ Motion to Extend Plan

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** Objections to Confirmation must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse. Objections to Confirmation must be filed by 12:00 p.m. (noon) two (2) days before the confirmation hearing. See Local Bankruptcy Rule 3015-3, which can be found at www.alsb.uscourts.gov, and click "local rules".

**PROOFS OF CLAIM.** Proofs of claim must be filed electronically at the Bankruptcy Court's website at www.alsb.uscourts.gov, or you may scan the documents into the ECF system at the courthouse.

**THIS PLAN DOES NOT ALLOW CLAIMS.** Creditors must file a Proof of Claim to be paid.

1. **PAYMENT AND LENGTH OF PLAN**

Debtor(s) shall pay **$760.00** per month to the Chapter 13 Trustee for **60** months with the first payment due 30 days from the date the petition is filed. Objections to the length of this Plan must be filed by 12:00 p.m. (noon) two (2) days before the confirmation hearing.

2. **SECURED PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS**

The Debtor proposes that the Trustee make adequate protection payments, or payments to lessors prior to the confirmation of this Plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF MONTHLY PAYMENT |
|---|---|---|
| USAA | 2014 Chrysler Town & Country van | 300.00 |
| Helzberg | engagement ring replacement | 10.00 |

The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in real and personal property or leases of real and personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. In the event of a preconfirmation conversion and/or dismissal, all adequate protection payments received by the Trustee shall be distributed to creditors as so designated. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Upon confirmation the treatment of such claims will be governed by Sections 3 and 5.

3. **SECURED ALTERNATE MONTHLY PAYMENTS**

The debtor proposes that the Trustee make the following Alternate Monthly Payments (AMP) beginning on the first distribution after entry of a Confirmation Order and until such time as the Attorney's fees provided for in Section 4 are paid in accordance with Amended Local General Order No. 4. Once the Attorney's fees are paid in full, the claims shall be paid in accordance with Sections 5 and 6.

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF AMP PAYMENT |
|---|---|---|
| USAA | 2014 Chrysler Town & Country van | 300.00 |
| Helzberg | engagement ring replacement | 10.00 |

4. **ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL**

The following attorney's fees shall be paid by the Trustee pursuant to Amended Local General Order No. 4.

| DEBTOR'S COUNSEL | TOTAL FEE |
|---|---|
| Hendrik S. Snow ~ASB-8756-H32S | 3,000.00 |

5. **SECURED BY COLLATERAL**

Unless otherwise ordered by the Court, the Trustee shall treat the secured claim(s) listed in this section on the terms and conditions set forth therein. Any portion of a secured claim that exceeds the amount(s) set forth in this section, shall be paid as a general unsecured claim pursuant to Section 10.

| CREDITOR | COLLATERAL DESCRIPTION | COLLATERAL VALUE | INTEREST RATE | §1325(a)(5) |
|---|---|---|---|---|
| USAA | 2014 Chrysler Town & Country van | 34,635.00 | 3.50 | 640.00 |
| Helzberg | engagement ring replacement | 1,000.00 | 4.00 | 20.00 |

Debtor shall pay all other allowed secured creditors in full pro-rata after payments set forth in Sections 5 and 6.

6. **DOMESTIC SUPPORT OBLIGATIONS**

The Debtor proposes that the Trustee shall pay the following pre-petition Domestic Support Obligations (DSO) pursuant to §507(a)(1) unless the claimant agrees or the Court orders otherwise. The DSO creditor shall receive the proposed AMP payment along with the secured creditors listed in Section 3. Once the Attorney's fees are paid in full, the DSO creditor shall be paid the proposed preference payment along with secured creditors listed in Section 5. The Debtor shall directly pay all Domestic Support Obligations that become due after the filing of the petition.

| CREDITOR | SCHEDULED ARREARAGE | AMOUNT OF AMP PAYMENT | PREFERENCE PAYMENT |
|---|---|---|---|
| -NONE- | | | |

7. **CURING DEFAULTS AND MAINTAINING DIRECT PAYMENTS**

Debtor shall maintain the following monthly payments and pay them directly to creditor. Trustee shall pay the allowed claims for arrearages at 100% pro-rata through this Plan after payments set forth in Sections 5 and 6.

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT |
|---|---|---|
| **Bank Of America, NA** | **2626 King George St. Beavercreek, OH 45431<br>Greene County Ohio<br>Value per Revenue Commissioner** | 1,740.00 |
| **USAA** | **2626 King George St. Beavercreek, OH 45431<br>Greene County Ohio<br>Value per Revenue Commissioner** | 325.00 |

**8. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)**

The Debtor will pay all priority claims pursuant to §1322(a)(2) in full, pro rata basis unless claimant expressly agrees otherwise.

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT |
|---|---|---|
| **-NONE-** | | |

**9. PRIORITY CLAIMS SUBJECT TO SUBORDINATION**

Pursuant to §1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| **-NONE-** | | |

**10. UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid through the distribution of all available disposable income at a percentage to be determined by the Trustee for the number of months set forth in Section 1.

**11. SURRENDERED PROPERTY**

Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| CREDITOR | COLLATERAL DESCRIPTION |
|---|---|
| **USAA** | **2011 Chevy Silverado truck** |

**12. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Debtor moves that the following executory contracts and/or leases receive the designated treatment:

| CREDITOR | COLLATERAL DESCRIPTION | REJECT | ASSUME |
|---|---|---|---|
| **Joseph & Amy Robinson** | **Debtor's former homeplace under rental agreement, with option to sell** | | **X** |

**13. OTHER PLAN PROVISIONS**

**(a)** **Lien Retention**
Except as provided above in Sections 5 and/or 7, allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

**(b)** **Vesting of Property of the Estate**
Property of the Estate shall revest in the Debtor(s) upon discharge or dismissal of the case.

**(c)** **Direct Payment by Debtor**
Secured creditors and lessors to be paid directly by the Debtor(s) and/or Co-Debtors may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

**(d)** **Exemption Limitations**
The Debtor(s)' exemptions in real and personal property are specifically limited to those allowed under applicable state and federal laws. To the extent that Debtor(s)' asset values exceed allowable exemption limits, the non-exempt portions shall be Property of the Estate and subject to distribution by the Trustee. The terms of this provision shall not be construed to limit or abrogate the rights of parties in interest to object to exemptions pursuant to the Bankruptcy Code, or in any way limit the Debtor(s)' rights regarding the postpetition equity accrual of assets.

**(e)** **Length of Plan Payment**

☐ Although Debtor(s) qualify for a 36 month plan, Debtor(s) moves to extend the length of the plan to the number of months proposed in Paragraph 1.

**(f)** **Other Provisions of the Plan Not Elsewhere Described:**

| | |
|---|---|
| **/s/ Robert W. Dotson, Jr.** | **December 3, 2014** |
| DEBTOR'S SIGNATURE | DATE |
| | |
| **/s/ Melisa Y. Dotson** | **December 3, 2014** |
| DEBTOR'S SIGNATURE | DATE |
| | |
| **/s/ Hendrik S. Snow** | **December 3, 2014** |
| DEBTOR'S COUNSEL'S SIGNATURE | DATE |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy